ORDER ON “REQUEST FOR CONFIDENTIAL COMMUNICATION DUE TO ADMINISTRATIVE RULE CHANGE”
 

 ALTENBERND, Judge.
 

 Frazier Brown, III, has a pending petition alleging ineffective assistance of appellate counsel. In this proceeding, he has filed a request that this court place either “open in presence of addressee only” or “confidential” on the envelope in which we deliver any court order, decision, or other court communication. He maintains that such language is required on the exterior of the envelope in order to prevent the Department of Corrections from opening his legal mail.
 

 His request is one of many that this court has recently received from prisoners. These requests all explain that the Department of Corrections recently revised Florida Administrative Code Rule 33-210.102, effective April 23, 2009, and claim that mail is now treated as routine, nonprivi-
 
 *881
 
 leged communication even if it is marked as “legal.”
 

 It is true that rule 33-210.102 was recently amended, although the effect of these amendments may not affect the rights of prisoners to the extent that they claim. In pertinent part, the rule states:
 

 (d) The sender of incoming legal mail shall mark the outside of the envelope “legal-confidential,” “legal-open only in the presence of the addressee,” or similar language which would put the reader on notice that the mail is legal mail of a confidential nature. Mail from courts that is subject to public inspection under Chapter 119. F.S., need not be marked as legal mail. Incoming mail which does not include a marking on the outside of the envelope requesting that it be treated as confidential legal mail shall be treated as routine mail and shall be opened and examined, and is subject to being read by a designated employee outside the presence of the inmate.
 

 (e) All incoming legal mail will be-opened in the presence of the inmate to determine that the correspondence is legal mail and that it contains no unauthorized items. Only the signature and letterhead may be read.
 

 (f) If legal mail is written in a foreign language the signature and letterhead . shall be translated to confirm that it is legal mail. If the signature and letterhead indicate that it is legal mail, the mail shall be provided to the inmate. If the letterhead and signature cannot be translated by an employee at the facility, the envelope, letterhead, and signature of the correspondence may be photocopied and sent to another institution or the central office for translation.
 

 Without evaluating the merits of this rule change, we deny the request to place “confidential” on the envelopes in which we deliver orders, opinions, and other court communications m all cases m which our files are open to the public. Our communications in those cases may be “legal” in nature, but they are not privileged in any way. We see no basis by which we could prohibit the Department of Corrections from viewing our communications to prisoners that contain only public record documents.
 

 We emphasize that our denial of this request is limited to cases in which the court file is open to the public. We have not resolved whether such a request would be warranted in a proceeding where our files are restricted, such as an appeal from an order in a dependency proceeding or in a proceeding to terminate parental rights.
 

 CASANUEVA, C.J., and FULMER, J., Concur.